UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTIAN OJOMO,

                Plaintiff,

     v.                                        3: 03-CV-0907

KRA Corporation, *et al*.

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff moves for reconsideration of the Court's April 27, 2005 Order granting Defendant's motion for summary judgment or, in the alternative to vacate the Order pursuant to FED. R. CIV. P. 60(1) and (6). Plaintiff's attorney, K.C. Okoli, also responds to the Court's order that he show cause why he should not be sanctioned for failing to comply with the local rules.

### I.  DISCUSSION

#### a.  Order to Show Cause

During the course of this litigation, Attorney Okoli has run afoul of the local rules of this Court on three separate occasions. On two different occasions, he failed to comply with Local Rule 7.1(b)(3). He also failed to properly ensure that he was a registered user of the electronic filing system. The first time Attorney Okoli violated Rule 7.1(b)(3), he was cautioned, but not sanctioned.

Attorney Okoli contends that he should not be sanctioned because: (1) he misunderstood (or misread) the rules concerning the date on which opposition papers were due; (2) he was working on the opposition papers at the time he received the Court's order and, on May 2, was considering requesting an extension of time; (3) he had a difficult time preparing opposition papers because his client lives in California; (4) he had a difficult time in preparing opposition papers because he had to rely on the United States Postal Service and the telephone to communicate with his client; (5) he is currently under enormous pressure, putting in long hours; (6) he was distracted by other cases he has, including an appeal pending before the Second Circuit.

The Court finds that these purported excuses do not justify the failure to comply with the local rules. Any misunderstanding concerning the timing of due dates should have been obviated by the simple fact the Clerk's Office posted a notice on the docket sheet indicating the date by which opposition papers were due. See Dkt. No. 46 ("Response to Motion due by 4/22/2005."). Moreover, given counsel's prior troubles with Rule 7.1, he should have familiarized himself with the requirements of that Rule. Further, as a member of the Bar of this Court, Attorney Okoli has an obligation to be familiar with the local rules of this Court. The fact that Attorney Okoli may only have had two cases in this District in the past ten years does not excuse him from compliance with the local rules, but, rather, places an onus on him to ensure that he is familiar with and understands the rules of this Court as they have been amended over the years.

Counsel's second purported excuse (that he was going to request an extension of time) is similarly unavailing because: (1) as discussed, opposition papers were due well before May 2, 2005; (2) pursuant to N.D.N.Y.L.R. 7.1(j) and this Court's standing order on

requests for extensions of time, any such request would have been untimely; and (3) as is discussed *infra*, the reasons for such a request do not constitute excusable neglect. See FED. R. CIV. P. 6(b)(2). Accordingly, such a request would have been denied.

The remaining purported excuses do not justify the failure to comply with Court rules. It is counsel's responsibility to ensure that he does not overburden himself with cases such that he is unable to properly manage his caseload. It similarly is counsel's responsibility to know the logistics of his own case and plan appropriately. Attorney Okoli is (or reasonably should be) aware that his client lives in California, that his client's participation is necessary to prepare opposition to a motion for summary judgment, and that it might take extra time to communicate with the client. Attorney Okoli should have planned accordingly.

For the foregoing reasons, the Court finds that Attorney Okoli failed to comply with the local rules of this Court and that sanctions are appropriate. Accordingly, Attorney Okoli is directed to remit $200.00 to the Clerk of the Court on or before June 1, 2005.

### b. Motion for Reconsideration/Rule 60

Plaintiff moves pursuant to FED. R. CIV. P. 60(b)(1) and (6) and N.D.N.Y.L.R. 7.1(g) and 7.1(n)(12)[1] to vacate the April 27, 2005 Decision & Order granting Defendant's motion for summary judgment on the grounds of excusable neglect and in the interests of justice.

Excusable neglect is an "elastic concept." Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 392 (1993). The relevant inquiries in evaluating excusable neglect include "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the

---

[1] There is no local rule 7.1(n)(12).

delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Id.  The Second Circuit has stated that:

> despite the flexibility of "excusable neglect" and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor: "the reason for the delay, including whether it was within the reasonable control of the movant." Pioneer, 507 U.S. at 395.  We have noted that the equities will rarely if ever favor a party who "fail[s] to follow the clear dictates of a court rule" and held that where "the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." [Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 50-51 (2d Cir. 1997)] (holding not clearly erroneous the district court's decision that a lawyer's failure to file motion papers within the time limit established by a local rule was not excusable neglect under Rule 60(b)); accord United States v. Hooper, 43 F.3d 26, 28-29 (2d Cir.1994) (per curiam) ("Hooper II ") (affirming denial of Rule 4(b) extension where delay resulted from legal assistant's ignorance of the rules); [Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir.1994)] (affirming denial of Rule 4(a)(5) extension where delay was due to a misunderstanding of the rules, even though the rule in question was "a 'trap' for the unsuspecting litigant" and had been amended for that reason prior to our decision).

Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366-67 (2d Cir. 2003) (footnote no. 7 omitted), cert. denied, 540 U.S. 1105 (2004).  The Second Circuit has taken a "hard line" in addressing when neglect is excusable.  Id. at 368.  As the Second Circuit continued to state in Silivanch,

> We . . . have considerable sympathy for those who, through mistakes--counsel's inadvertence or their own--lose substantial rights in that way.  And there is, indeed, an institutionalized but limited flexibility at the margin with respect to rights lost because they have been slept on.  But the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced--where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar.

Id. at 367-68 (footnote nos. 8 and 9 omitted).

As in <u>Silivanch</u>, there is no indication of prejudice to Defendant in this case. Similarly, the length of the delay was very short. There also is no reason to believe that Plaintiff (or his counsel) have acted in the absence of good faith. Thus, these factors weigh in favor of Plaintiff. However, the Court finds that these three factors are strongly outweighed by the third factor - the reason for the delay, including whether it was within the reasonable control of the movant. To reiterate Second Circuit law, "[w]here the rule . . . is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the <u>Pioneer</u> test." <u>Canfield</u>, 127 F.3d at 251.

As previously discussed, the reason for the delay is entirely attributable to Plaintiff and his attorney and was completely within their control. First, Plaintiff and his attorney have previously been warned on at least two separate occasions to comply with the local rules of this Court. Second, the date by which opposition papers were due (or the method of determining that date) is clearly set forth in the local rules of this Court. Rule 7.1(b)(1) states that "[o]pposing papers must be filed with the Court and served upon the other parties not less than **SEVENTEEN CALENDAR DAYS** prior to the return date of the motion." Attorney Okoli admits that he was aware of the motion's return date.[2] Even if he was not actually aware of the return date, he reasonably should have been aware of the return date. The return date (and, thus, the date by which opposition papers are due) is easily calculated in accordance with N.D.N.R.L.R. 7.1. Third, the Court Clerk entered both: (1) the return date; and (2) the date upon which opposition papers were due, upon the docket. Attorney Okoli

---

[2] The return date was set forth in the moving papers. Attorney Okoli states in his affidavit that he used the return date as the date by which his papers had to be filed. Thus, it is clear that Attorney Okoli knew the actual return date.

has an obligation to be familiar with the docket in this case. U.S. ex rel. McAllan v. City of New York, 248 F.3d 48, 53 (2001) ("parties have an obligation to monitor the docket sheet to inform themselves. . . "). Thus, the failure to timely file opposition papers violated the clear dictates of this Court's rules. Furthermore, as previously discussed, Attorney Okoli's involvement in other matters is not an excuse. Canfield, 127 F.3d at 251. The same goes for the fact that Plaintiff may reside in California. If Plaintiff is going to litigate in New York, then it is his obligation to make himself available to further the litigation. Likewise, an attorney representing a client residing in California must plan accordingly.

This holding is in accord with Canfield, 127 F.3d 248, a case that is strikingly similar to this one. Canfield also involved a discrimination case commenced in this District. The defendant filed a motion for summary judgment. The plaintiff did not timely file opposition papers. The district court dismissed the Complaint, finding that the plaintiff's failure to respond constituted consent to the granting of the motion.[3] The plaintiff then moved pursuant to Rule 60 requesting that the district court vacate the order of dismissal. In support, plaintiff's attorney admitted that the error was his own fault (not the fault of his client), that the attorney had been preoccupied in his bid for a seat on the Assembly, and that the attorney misunderstood when opposition papers were due to be filed. The district court denied the motion to vacate. The Second Circuit affirmed, noting that:

> it is hard to imagine any other result following from the facts of this case. As the district court noted, the language of G.O. # 41 is unambiguous. Under that language, [plaintiff] was required to respond to the defendant's

---

[3] N.D.N.Y.L.R. 7.1(b)(3), of which Attorney Okoli should be well aware by this point in time, similarly provides that "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting . . . of the motion . . .unless good cause is shown."

> summary judgment motion within 21 days, and her failure to do so was expressly described as consent to the dismissal of her claims, absent a showing of good cause. Moreover, the cover letter accompanying the summary judgment motion clearly and accurately restated the pertinent requirements of the rule. Counsel's failure to read and obey an unambiguous court rule--especially when the opposing party told him what the rule said--was not excusable. And the fact that counsel was preoccupied with his bid for public office does not alter this conclusion.

Canfield, 127 F.3d at 251; see also Weinstock, 16 F.3d 501.

The Court is cognizant that Plaintiff also moves to vacate under Rule 60(b)(6). Relief under this Rule also is inappropriate. In this case, allowing such relief would be to condone using Rule 60(b)(6) as a means of circumventing the inability to meet the requirements of Rule 60(b)(1). More importantly, Plaintiff does not justify the basis for granting relief under 60(b)(6) other than contending that his claim for retaliation has merit.[4] Although the Court greatly sympathizes with the situation where, as here, a client suffers the brunt of his attorney's failures, the Court must exercise caution to prevent the rules of procedure from becoming nothing more than a paper tiger.

---

[4] In his most recent filings with the Court, Plaintiff concedes that the discrimination claim should be dismissed. Plaintiff contends that his conspiracy and retaliation claims have merit.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration and/or to vacate the April 27, 2005 Order is DENIED.  Attorney Okoli is directed to pay $200 to the Clerk of the Court on or before June 1, 2005.  The Clerk of the Court shall close the file in this matter.[5]

IT IS SO ORDERED.

Dated:   May 11, 2005

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

---

[5] As an aside, the Court notes Attorney Okoli's continued inability to follow the local rules of the Court as evidenced by his current motion.  Attorney Okoli filed the motion papers on May 8, 2005 and selected a return date of May 23, 2005.  There are two problems with this.  First, May 23, 2005 is not a permissible return date of this Court.  Second, May 23 is not the "next regularly scheduled motion date at least thirty-one days from the date the motion is filed and served."  May 23 is less than thirty-one days from May 8.